DLD-082                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2470
_____

CARLOS EDUARDO MARCOS SALAS,
ESTEFFANY LUJAN HERRERA, E.J.M.L, & D.A.M.L.,
                                                               Petitioners

v.

U.S. ATTORNEY GENERAL
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A243-146-628, A243-146-629,
A243-146-630, A243-146-631)
Immigration Judge:  Maria I. Akalski
_____

Submitted on Respondent's Motion for Summary Disposition Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed March 10, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Carlos Eduardo Marcos Salas, Estefanny Lujan Herrera, and their minor children, E.J.M.L. and D.A.M.L., petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from the Immigration Judge's (IJ) order denying their applications for relief from removal. The Government has filed a motion for summary disposition, arguing that the petition presents no substantial question. We agree, and we will therefore grant the Government's motion and summarily deny the petition for review. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Petitioners are natives and citizens of Peru who entered the United States in October 2022. They were charged with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as non-citizens present in the United States without valid entry documents. They conceded the charge, and the IJ sustained removability. Petitioners filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The individual applications were based on the same set of facts regarding threats that Salas received while in Peru.

At a hearing, at which Petitioners proceeded pro se, Salas testified that he worked as a graphic designer for his family's business in Peru. In July 2022, he found a note left at his business stating, "communicate with us to speak about the matters of the security." Administrative Record (A.R.) at 159. Next, in August 2022, three men approached Salas near his business, and one punched him in the chin; he required stitches as a result. The men threatened that "it was going to be wors[e] if [he]didn't comply" and "[o]bey the instructions." A.R. at 161-62. Salas testified that "[t]he country was going through an aggressive wave of extortion," and he believed the men were attempting to extort money

2

from him because of his business. A.R. at 162-64, 172. That same month, Salas was driving with Herrera and their children when two men on a motorcycle deliberately hit the side of his car and brandished firearms. The men did not say anything. Salas reported the incident to the police, who told him to file a report and that they would contact him.

Salas also testified that he received phone calls "for two weeks" in August 2022; he answered twice. The first time, the caller asked if he received the note, and, the second time, the caller stated, "Hold on onto (sic) the consequences." A.R. at 186-87. Both times, Salas quickly hung up. He stopped working after these threats, and left for the United States a month later. He testified that neither he nor his family have been threatened since. Finally, Herrera testified that, within two months of their arrival in the United States, someone sent her brother in Peru a floral arrangement for Salas' funeral, which included a threatening note with Salas' name on it.

The IJ denied all applications for relief, finding that Petitioners failed to establish a prima facie case for asylum, withholding of removal, or relief under the CAT. The BIA dismissed the appeal, and this timely counseled petition for review followed. The Government moves to summarily deny the petition.[1]

To make out a prima facie case for asylum, a petitioner must show that he was persecuted, or has a well-founded fear of persecution, "on account of" a statutorily

---

[1] We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1). We may take summary action if the petition for review fails to present a substantial question. *See* 3d Cir. I.O.P. 10.6.

3

protected ground, including "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant "who establishes that he or she was previously persecuted on account of a statutorily enumerated ground triggers a rebuttable presumption that the applicant has a well-founded fear of future persecution." *Espinosa-Cortez v. Att'y Gen.*, 607 F.3d 101, 107 (3d Cir. 2007). Petitioners argue that the Government did not meet its burden to rebut the presumption of future persecution, and that the IJ and BIA erred in "in shifting this burden to" them. These arguments misunderstand the Agency's rulings.

The IJ determined that Petitioners did not meet their burden to show that they suffered past persecution, or had a reasonable fear of future persecution, *on account of a protected ground*. Petitioners did not list any particular protected ground in their applications for relief, and the IJ "endeavored to identify a cognizable Particular Social Group [PSG]," but was "unable to do so."[2] A.R. at 107. The IJ concluded that, in any event, Petitioners had not shown a nexus between past or future persecution and any protected ground. *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021) (recognizing that "[p]ersecution is on account of a protected ground only if that ground 'was or will be at least one central reason for persecuting the applicant'" (quoting 8

---

[2] Petitioners now assert that Salas was a member of the PSG "Peruvians who oppose extortionists." Petitioner's Br. at 11. But as the Government argues, they did not press this argument on appeal to the BIA, and therefore we are precluded from considering it. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioners to exhaust all available remedies for each issue raised); *see also Aguilar v. Att'y Gen.*, 107 F.4th 164, 168-69 (3d Cir. 2024) (recognizing that this Court must enforce the exhaustion rule where the Government properly invokes it).

4

U.S.C. § 1158(b)(1)(B)(i)).  Specifically, the IJ found that the written and verbal communications Salas received were "extremely vague," and that, even accepting his testimony that they were threats for money, the "unknown criminals'" were motivated by financial gain, targeting Salas for money and not "on account of" any protected ground. A.R. at 108-09.  The IJ also concluded that, to the extent that Petitioners fear "general crime, extortion, or gang violence" in Peru, such harm would not be on account of a protected ground.  A.R. at 109.

On appeal, the BIA found no clear error with these determinations.  Thus, because the Agency did not find past persecution, the rebuttable presumption of future persecution was not triggered, and, therefore, the burden never shifted to the Government.[3]

Next, Petitioners challenge the denial of CAT relief.  *See* Petitioners' Br. at 19-22. However, they failed to make this argument on appeal, and the BIA explicitly found it waived.  The argument is therefore unexhausted, and we cannot consider it because the Government raises the exhaustion issue.  *See* Mot. for Summ. Disposition at 10; *Aguilar*, 107 F.4th at 168-69.

Finally, Petitioners argue that the Agency violated their due process rights by concluding that "private criminal activity by non-governmental actors" could not be the basis for an asylum claim.  *See* Petitioner's Br. at 23-24.  Importantly, Petitioners'

---

[3] We note that the IJ also concluded that Petitioners had not met their "burden" to show that they could "safely and reasonably relocate elsewhere in Peru."  A.R. at 110.  We need not address this "alternative holding" of the IJ because, as discussed above, the BIA affirmed on the nexus ground.  A.R. at 6.

argument misapprehends the IJ's decision.  Although the IJ noted that "generally harsh conditions shared by many other p[e]rsons," such as "general crime, extortion, or gangs," do not amount to persecution, it did not rely on that proposition in denying relief.  A.R. at 109.  Instead, as noted above, the IJ concluded that relief was not warranted because there was no nexus between the feared harms and a protected status.  A.R. at 109-10.

Based on the foregoing, the petition for review fails to present a substantial question.  We will therefore grant the Government's motion for summary disposition and will deny the petition for review.[4]  *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[4] Petitioners' motion to withdraw their motion for a stay of removal is granted.  The temporary administrative stay of removal entered on November 28, 2025, is vacated.